UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-8058-BER

UNITED STATES OF AMERICA

v.

ISAAC BRYAN

                        **Defendant.**
_____/

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? ___ Yes ✓ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? ___ Yes ✓ No

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY: _____
MARTON GYIRES
ASSISTANT UNITED STATES ATTORNEY
District Court No.
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:    (561) 820-8711
Fax:   (561) 820-8777
Email: Marton.Gyires@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) |
| | ) Case No. 23-8058-BER |
| ISAAC BRYAN, | ) |
| | ) |
| | ) |
| Defendant(s) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **February 3, 2023** in the county of **Palm Beach** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 8 U.S.C 1326(a) | Illegal reentry into the United States |

FILED BY _____TM_____ D.C.

Feb 6, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Cynthia Samples, HSI Special Agent
Printed name and title

Attested to me by the applicant by Telephone (FaceTime) per Fed.R.Crim.P. 4(d) and 4.1

Date: 2/6/23

_____
Judge's signature

City and state: West Palm Beach, FL    Bruce E. Reinhart, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

Your affiant, Cynthia Samples, first being duly sworn, does herby depose and state as follows:

1. I am a Special Agent (S/A) with the Department of Homeland Security, Homeland Security Investigations (HSI) assigned to the office of the Assistant Special Agent in Charge, West Palm Beach, Florida, and have been so employed by HSI since 2009. I have successfully completed the Criminal Investigator Training Program and Special Agent Training at the Federal Law Enforcement Training Center in Glynco, Georgia. Among my responsibilities as a HSI Special Agent, I am trained and empowered to investigate crimes against the United States, arising under Titles 8, 18, 19, 21 and 31 of the United States Code.

2. The facts set forth in this affidavit are based on my own personal knowledge; information obtained in this investigation from others, including other law enforcement officers; my review of documents, pictures and computer records related to this investigation; and information gained through training and experience. Because this affidavit is being submitted for the limited purpose of establishing probable cause to support a Criminal Complaint, I have not included every fact known to me and law enforcement concerning this investigation, but have set forth only those facts necessary to establish probable cause to believe that on or about February 3, 2023, Isaac Bryan ("BRYAN), committed the crime of illegal reentry into the United States after deportation or removal, in violation of Title 8 United States Code 1326(a) and (b)(2).

## PROBABLE CUASE

3. On or about February 3, 2023, at approximately 1:30 p.m., the Palm Beach County Sheriff's Office Marine Enforcement Unit (PBSO) was patrolling near the Jupiter Inlet in Jupiter, Florida and observed a 23-foot cuddy-cabin type vessel, twin outboard engines,

traveling westbound entering the Jupiter Inlet from offshore.

4. The vessel appeared to be having engine issues, and was riding bow heavy which is indicative of excessive weight and/or water riding forward in the vessel. Law Enforcement observed approximately four passengers sitting on the deck of the vessel, and one person on the port side bow area of the vessel.

5. At approximately 1:35 p.m., PBSO Marine conducted a vessel stop by activating the emergency blue lights and identifying themselves as Law Enforcement Officers. Law Enforcement made contact with the captain of the vessel, a black male wearing a white tank top style shirt with blue stripes, and pink and blue shorts. The captain of the vessel was ordered to turn off the ignition, which he complied with.

6. Law enforcement tied up on the starboard side of the smuggling vessel and observed two large containers of extra fuel at or near the rear of the vessel. Law enforcement asked the captain where he was coming from, however, the captain indicated he did not speak English. The other passengers also indicated they did not speak English well.

7. Law enforcement asked the passenger sitting in the bow area, later identified as BRYAN, to come to the rear of the vessel, which he complied with; however, BRYAN began putting his feet over the side of the boat. Law enforcement repeatedly ordered BRYAN to stay inside the vessel.

8. At approximately 1:48 p.m., BRYAN jumped into the water, swam eastbound through the Intercoastal Waterway and exited near Lighthouse Drive. Subsequently, a PBSO road patrol unit in the area was able to locate BRYAN hiding in the bushes. PBSO Marine was able to positively identify BRYAN as the passenger who jumped into the water and swam away. Law enforcement arrested and booked Isaac BRYAN into PBSO jail pending State charges for

violation of Resisting an Officer Without Violence, Florida Statute 843.02. Upon booking, BRYAN's fingerprints were entered into the IAFIS system with a positive match for an individual previously removed from the United States, that is Isaac BRYAN.

9. Meanwhile, the United States Coast Guard (USCG) arrived on scene and boarded the law enforcement marine vessel to provide assistance. Law enforcement detained the captain of the vessel for safety reasons and held him on the PBSO marine vessel while the USCG boarded the smuggling vessel to confirm that it was not taking on water. Once USCG opened the cabin door, they discovered twelve foreign nationals. In total there were sixteen passengers remaining on board after BRYAN fled: thirteen Haitians, two Dominican Republic, and one Russian national.

10. All sixteen remaining occupants were transferred to a USCG Cutter for biometrics processing and analysis. The biometrics results revealed that none of the sixteen foreign nationals onboard had permission or prior authorization to enter the United States. A review of immigration databases revealed that Isaac BRYAN is an alien, who is a national and citizen of either or both the United Kingdom and/or Jamaica. Records further show that Isaac BRYAN self-deported from the United States on or about November 1, 1998. Immigration records also revealed two prior removals, on or about the following dates: November 26, 1998, and January 8, 2011. Records checks showed that BRYAN has not obtained consent from the Attorney General of the United States or the Secretary of Homeland Security to reapply for admission into the United States. A review of criminal records revealed that Isaac BRYAN has prior felony convictions in the State of New York for criminal possession of a weapon and a 2007 federal conviction for illegal reentry into the United States in the Southern District of New York.

11. I submit that probable cause exists that Isaac BRYAN has committed the offense

of illegal reentry into the United States, in violation of Title 8, United States Code, Section 1326(a) & (b)(2).

FURTHER AFFIANT SAYETH NAUGHT

_____
CYNTHIA SAMPLES, SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Attested to me by the applicant by Telephone (FaceTime) per Fed.R.Crim.P. 4(d) and 4.,1 this __6__ day of February, 2023.

_____
BRUCE E. REINHART
UNITED STATE MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: __Isaac Bryan__

Case No: __23-8058-BER__

Count #: 1

Illegal reentry into the United States, in violation of Title 8, United States Code, Section 1326(a) & (b)(2)

* Max. Term of Imprisonment: 20 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.