## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 9:23-cr-80022-RLR

**UNITED STATES OF AMERICA**

**vs.**

**WILSON NELSON,**

      **Defendant.**

_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and **WILSON NELSON** (hereinafter referred to as the "defendant") enter into the following agreement:

1.     The defendant agrees to plead guilty to Count 1 of the Indictment, which charges him with encouraging and inducing aliens to enter into the United States, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv).   At sentencing, the government will seek dismissal of the remaining counts.

2.     The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").   The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the

1

advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.      The defendant understands and acknowledges that as to Count 1, the Court may impose a statutory maximum term of imprisonment of up to five years, followed by a term of supervised release of up to three years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.00.

4.      The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5.      This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses

2

committed, whether charged or not, as well as concerning the defendant and the defendant's background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6.   The Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.   If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.   However, the Office will not be required to make these sentencing recommendations if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the Office prior to entering this Agreement; or (3) commits any misconduct after entering into this Agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7.   The defendant is aware that the sentence has not yet been determined by the Court. The   defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the

3

government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

8.    This is the entire agreement and understanding between this Office and the defendant.   There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 4/17/23      By: _____
                           MARTON GYIRES
                           ASSISTANT UNITED STATES ATTORNEY

Date: 4/19/23          _____
                           IAN GOLDSTEIN
                           ATTORNEY FOR DEFENDANT

Date: 4/19/23          _____
                           WILSON NELSON
                           DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:23-cr-80022-RLR

UNITED STATES OF AMERICA

vs.

WILSON NELSON,

Defendant.
_____/

## STIPULATION OF FACTS AND ACKNOWLEDGMENT OF OFFENSE ELEMENTS IN SUPPORT OF GUILTY PLEA

The United States of America, by and through its undersigned Assistant United States Attorney, and WILSON NELSON (hereinafter referred to as the "Defendant" or "NELSON"), together with his counsel, admit that the government can prove the allegations contained in Counts 1-16 of the Indictment, which charges him with encouraging and inducing aliens to enter into the United States, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv). The Defendant also stipulates that those allegations and the following recitation of the facts shall constitute the underlying factual basis. These facts are not all of the facts known to the government in this case and are offered merely to provide a sufficient factual basis to support the defendant's guilty plea:

On February 3, 2023, at approximately 1:30 p.m., the Palm Beach County Sheriff's Office Marine Enforcement Unit was patrolling near the Jupiter Inlet in Jupiter, Florida and observed a 23-foot cuddy-cabin type vessel, twin outboard engines, traveling westbound entering the Jupiter Inlet from offshore. A PBSO Deputy also observed a person, later identified as Wilson NELSON, as being the person at the helm and driving the vessel. Video recording showed NELSON at the helm. Ultimately, in addition to NELSON, 16 other occupants were found to

1

be on the vessel. One of the passengers jumped into the water and was later apprehended on land. The sixteen remaining occupants were transferred to a USCG Cutter for biometrics processing and analysis, which revealed that all were aliens and foreign nationals, none of whom had permission or prior authorization to enter the United States. The same was later determined as to the passenger who had jumped off the boat. The initials of all the passengers other than NELSON are listed on the Indictment and incorporated herein.

On February 8, 2023, law enforcement interviewed NELSON on two separate occasions while at the U.S. Border Patrol Station located in Riviera Beach, Florida. The interviews were electronically recorded by audio and video. Prior to the interviews, NELSON knowingly waived his Miranda rights. During the two interviews, NELSON made the following statements, which are a summary and not verbatim account. NELSON first said that he is a Bahamian citizen and that he paid $5,000 to come to the United States from Freeport, Bahamas. He said he understood that a passport and a visa were required for him to enter the United States and admitted he had neither. He also said that the original driver of the boat was picked up by another boat and left the group to fend for themselves. Approximately one hour after the first interview ended, NELSON told agents that he wanted to speak to them again. During the second interview, NELSON said that the group left Freeport, Bahamas on Wednesday, February 1, 2023 between 9:00 p.m. and 10:00 p.m. NELSON said that there was in fact no other driver and that he was allowed to pay $5,000 instead of $10,000 if he agreed to drive the boat all the way from Freeport to West Palm Beach. NELSON said he agreed to drive the boat and that he was given a tracked line to follow on a mobile electronic device, which he did. NELSON said that he later threw that electronic device into the water.

The defendant is aware of and understands the nature of the charges to which she is

pleading guilty and understands that the United States must prove the following facts (or

elements) of the offense beyond a reasonable doubt:

Title 8, United States Code, Section 1324(a)(1)(A)(iv):

(1) That the Defendant encouraged or induced each alien to come to or enter the United States in violation of the law;

(2) The such persons were then aliens; and

(3) The Defendant knew or was in reckless disregard of the fact that such persons coming to or entering into the United States would be in violation of the law.

An "alien" is any person who is not a natural-born or naturalized citizen, or national of the United States. The term "national of the United States" includes not only a citizen, but also a person who, though not a citizen of the United States, owes permanent allegiance to the United States.

To "encourage" means to instigate, to incite to action, to give courage to, to inspirit, to embolden, to raise confidence, to help, to forward, and/or to advise. To "induce" means to bring on or about, to affect, cause, to influence an act or course of conduct, lead by persuasion or reasoning, incite by motives, and/or to prevail on.

To act with "reckless disregard" means to be aware of, but consciously and carelessly ignore, facts and circumstances clearly indicating that the person's coming to or entry in the United States would be in violation of law.

The defendant and his attorney agree that the facts recited above meet these elements beyond a reasonable doubt.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 4/17/23

BY: _____
MARTON GYIRES
ASSISTANT UNITED STATES ATTORNEY

Date: 4/19/23

_____
IAN GOLDSTEIN
ATTORNEY FOR DEFENDANT

Date: 4/19/23

_____
WILSON NELSON
DEFENDANT

3